UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FLYWHEEL SPORTS PARENT, INC., *et al.*,<br><br>                          Debtors. | <u>NOT FOR PUBLICATION</u><br><br>Chapter 7<br><br>Case No. 20-12157 (JPM)<br>(Jointly Administered) |
| ANGELA TESE-MILNER, AS CHAPTER 7 TRUSTEE FOR FLYWHEEL SPORTS, INC.,<br><br>                          Plaintiff,<br><br>        -against-<br><br>LOCKTON COMPANIES,<br>LOCKTON INSURANCE BROKERS,<br>CONTINENTAL CASUALTY COMPANY,<br>CNA INSURANCE COMPANY,<br>CNA FINANCIAL INSURANCE,<br>STARR INDEMNITY & LIABILITY COMPANY,<br>CHUBB INSURANCE,<br>DAVID CHENE,<br>JAMES CONTINENZA,<br>BRIAN DUBIN,<br>TRAVIS FRENZEL,<br>ANTHONY PASQUA, and<br>DARREN RICHMAN,<br><br>                          Defendants. | Adv. Pro. No. 22-01109 (JPM) |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
<u>STARR INDEMNITY & LIABILITY COMPANY'S MOTION TO DISMISS</u>**

*ATTORNEYS AND LAW FIRMS:*

ARCHER & GREINER, P.C.
*Counsel for Plaintiff Angela Tese-Milner, as Chapter 7 Trustee for Flywheel Sports, Inc.*
1211 Avenue of the Americas
New York, NY 10036
(212) 682-4940
By: Gerard DiConza, Esq.

-and-

ROSS M. CHINITZ, ESQ.
*Counsel for Defendant Starr Indemnity & Liability Company*
399 Park Avenue, 8th Floor
New York, NY 10022
(646) 227-6409

**JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE**

## I.  INTRODUCTION[1]

Pending before the Court is Defendant Starr Indemnity & Liability Company's ("**Starr**") *Motion to Dismiss the Complaint*, Docket No. 9 (the "**Motion**"), which is supported by its *Memorandum of Law in Support of Motion to Dismiss the Complaint*, Docket No. 9 (the "**Motion Brief**," and, together with the Motion, the "**Motion Papers**"). The Motion seeks dismissal of the complaint (the "**Complaint**")[2] filed by Plaintiff Angela Tese-Milner, as Chapter 7 Trustee (the "**Trustee**") for the estate of Flywheel Sports, Inc. ("**Flywheel**"),[3] for failure to state a claim pursuant to Rule 12(b)(6) ("**Rule 12(b)(6)**") of the Federal Rules of Civil Procedure. In this adversary proceeding, the Trustee is seeking to recover or avoid certain transfers made by Flywheel. The Complaint names thirteen defendants (collectively, "**Defendants**"), consisting of seven entities and six individuals. (Complaint ¶¶ 1, 12-18.)  The entities named are: Lockton Companies, Lockton Insurance Brokers (Lockton Insurance Brokers, together with Lockton Companies, "**Lockton**"),[4] Continental Casualty Company, CNA

---

[1] References to "Docket No. __" are to filings entered on the docket in this adversary proceeding, No. 22-01109. References to "Bankr. Docket No. __" are to filings entered on the docket in the jointly-administered bankruptcy case, No. 20-12157. References to "Flywheel Sports, Inc. Docket No. __" are to filings entered on the docket in the individual Flywheel bankruptcy case, No. 20-12158.
[2] *See Complaint*, Docket No. 1.
[3] Flywheel's bankruptcy case, *In re Flywheel Sports, Inc.*, No. 20-12158, is being jointly administered in *In re Flywheel Sports Parent, Inc., et al.*, No. 20-12157. (*See Order*, Bankr. Docket No. 20-12157.)
[4] Pacific Series of Lockton Companies, LLC claims to have been erroneously identified in the Complaint as "Lockton Companies" and "Lockton Insurance Brokers." (*See Answer and Affirmative Defenses of Pacific Series of Lockton Companies, LLC*, Docket No. 7 (the "**Lockton Answer**").) For purposes of this decision, the term "Lockton" shall also include Pacific Series of Lockton Companies, LLC.

2

Insurance Company, CNA Financial Insurance, Starr, and Chubb Insurance[5] (all collectively, the "**Insurance Company Defendants**"). The individuals named are David Chene, James Continenza, Brian Dubin, Travis Frenzel, Anthony Pasqua, and Darren Richman (all collectively, the "**D&O Defendants**"). In general, the Complaint alleges that Flywheel made preferential and/or constructively fraudulent transfers to or for the benefit of the Defendants. (*Id.* ¶ 1.) The Trustee opposes the Motion.[6] The Court held a hearing (the "**Hearing**") on the Motion on January 10, 2022. The Court has reviewed (i) the Motion Papers; (ii) the Opposition; (iii) the Complaint; (iv) the arguments of counsel at the Hearing; and (v) all other relevant material in the record. For the reasons set forth herein, the Court finds that the Trustee has stated plausible grounds for relief in the Complaint. Accordingly, the Court **DENIES** the Motion.

## II.    JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III.    BACKGROUND

Flywheel, along with its affiliates, was once the second largest operator of spin-bike studios in the United States. (Complaint ¶¶ 10-11.) The COVID-19 pandemic forced Flywheel and its affiliates to close their studios in March 2020. (Opposition 5.) Five months later, on September 14, 2020 (the "**Petition Date**"), Flywheel filed a voluntary chapter 7 bankruptcy petition in this Court.[7] The Trustee reviewed Flywheel's financial records, including documents obtained from financial institutions pursuant to Bankruptcy Rule 2004 discovery. (*Id.*) Based on

---

[5] The Trustee dismissed Chubb Insurance from the Complaint. (*See Notice of Dismissal*, Docket No. 28.)
[6] *See Plaintiff's Memorandum of Law in Opposition to Starr Indemnity & Liability Company's Motion to Dismiss*, Docket No. 11 (the "**Opposition**").
[7] That day, Flywheel's affiliates also filed for chapter 7 bankruptcy, and the cases were later consolidated. These affiliates are not party to this adversary proceeding.

3

this review, the Trustee commenced this adversary proceeding on June 16, 2022. As set forth in the Complaint, the Trustee contends that, in the year prior to the Petition Date, Flywheel made a series of payments (the "**Transfers**") to Lockton for the benefit of the Defendants on account of insurance premiums owed by Flywheel Sports Parent, Inc. ("**Flywheel Parent**"),[8] Flywheel's parent entity. (Complaint ¶¶ 19-25.) The Trustee elaborates in the Opposition that Lockton distributed the Transfers to the other Insurance Company Defendants and that these insurance premiums were paid on a policy covering the D&O Defendants. (Opposition 6.) The Trustee argues that the Transfers constitute preferential transfers under Section 547 of the Bankruptcy Code (Complaint Count I) or, alternatively, constructively fraudulent transfers (Complaint Count II). The Trustee also seeks to avoid any post-petition transfers made to Defendants (Complaint Count III), to recover the Transfers from the Insurance Company Defendants under Section 542 of the Bankruptcy Code (Complaint Count IV), and to disallow any claims from Defendants until the Transfers are recovered (Complaint Count V). Defendant Lockton filed an answer to the Complaint on August 5, 2022,[9] and Defendant Continental Casualty Company[10] filed an answer to the Complaint on September 11, 2022.[11] Starr filed the Motion on August 8, 2022, seeking to dismiss Counts I, II, III, and V of the Complaint for failure to state a claim pursuant to Rule 12(b)(6). (*See* Motion.) The thrust of Starr's Motion is that the Trustee is operating a "preference factory," with the Complaint relying on boilerplate language that does not satisfy the applicable

---

[8] Flywheel Parent is the debtor in Case No. 20-12157, which is being jointly administered with Flywheel's case. Flywheel Parent is not a party to this adversary proceeding.
[9] *See Answer and Affirmative Defenses of Pacific Series of Lockton Companies, LLC*, Docket No. 7.
[10] Defendant Continental Casualty Company claims to have been erroneously identified in the Complaint as "CNA Insurance Company" and "CNA Financial Insurance." (*See Answer and Affirmative Defenses of Continental Casualty Company*, Docket No. 21.)
[11] *See Answer and Affirmative Defenses of Continental Casualty Company*, Docket No. 21 (the "**Continental Answer**").

4

pleading standards. (*See* Motion Brief 2-4.) For the reasons set forth herein, the Court denies the Motion.

## IV.    LEGAL STANDARD

A court may dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Rule 12(b)(6).[12] "Courts assess the sufficiency of the complaint in light of the pleading requirements . . . ." *In re Try The World, Inc.*, No. 18-11764-JLG, 2021 WL 3502607, at *6, 2021 Bankr. LEXIS 2140, at *15 (Bankr. S.D.N.Y. Aug. 9, 2021). The general pleading standard requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8 ("**Rule 8**").[13] To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In deciding a motion to dismiss, the Court should assume the factual allegations are true and determine whether, when read together, they plausibly give rise to an entitlement of relief." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, No. 08-01789, 2023 WL 118787, at *3, 2023 Bankr. LEXIS 26, at *7 (Bankr. S.D.N.Y. Jan. 6, 2023) (citing *Iqbal*, 556 U.S. at 679). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. It is not required that "a complaint be a model of clarity or exhaustively present the facts alleged," but it must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."

---

[12] Rule 12(b)(6) is made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").
[13] Rule 8 is made applicable to adversary proceedings through Bankruptcy Rule 7008.

5

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotation marks omitted). Where the complaint seeks to avoid a transfer, it does not need to contain an "exact accounting of the funds at issue" to survive a motion to dismiss. *Madoff*, 2023 WL 118787, at *3, 2023 Bankr. LEXIS 26, at *8.

In situations where a complaint alleges fraud, a heightened pleading standard applies under Federal Rule of Civil Procedure 9 ("**Rule 9**").[14] This heightened standard requires the plaintiff to state "with particularity the circumstances constituting fraud . . . ." Rule 9.

### V. DISCUSSION

**(A)    The Defects Generally Alleged Do Not Require Dismissal**

Starr argues that the Trustee improperly lumped all the Insurance Company Defendants together and that Starr is unable to respond to any of the claims. (Motion Brief 6-7.) The Trustee responds that the pleadings are sufficient because they put Starr on notice of the claims. (Opposition 8, 16-19.) The Court agrees with the Trustee that Starr has sufficient notice of the claims. Here, the Trustee identifies the nature of the Transfers (insurance premiums), the transferor (Flywheel), the initial transferee (Lockton), and the date and amount of each Transfer. The Trustee does not need to be more specific at this stage—an "exact accounting" is not required. *Madoff*, 2023 WL 118787, at *3, 2023 Bankr. LEXIS 26, at *8. Courts have found that less detailed complaints have satisfied Rule 8 pleading requirements. *See In re Bernard L. Madoff Securities LLC*, 458 B.R. 87, 113 (Bankr. S.D.N.Y. 2011) ("Indeed, courts have found that allegations aggregating transfers into lump sums over several years without identifying the number of transfers, the dates of the transfers, or the amount of any specific transfer will satisfy Rule 8(a) pleading requirements."). Further, as to Starr's argument that the Defendants are

---

[14] Rule 9 is made applicable to adversary proceedings through Bankruptcy Rule 7009.

6

improperly lumped together, the Complaint alleges that the Transfers were made to Lockton "for the benefit of the Insurance Company . . . Defendants." (Complaint ¶¶ 20, 23.) Under Section 550 of the Bankruptcy Code, the Trustee may recover from an entity "for whose benefit [the preferential or fraudulent] transfer was made." 11 U.S.C. § 547. Therefore, assuming the Complaint's allegations are true, the Trustee may recover the Transfers from the Defendants, including Starr. The Complaint thus is not impermissibly vague.

**(B)      The Preferential Transfer Claims Are Properly Pleaded**

In Count I of the Complaint, the Trustee seeks to avoid or recover damages for the Transfers under Section 547 ("**Section 547**") of the Bankruptcy Code. (Complaint ¶¶ 26-40.) With certain exceptions not relevant here, Section 547(b) allows a trustee, "based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable defenses," to avoid a transfer of a debtor's property that (i) was made to or for the benefit of a creditor; (ii) was made for or on account of antecedent debt; (iii) was made while the debtor was insolvent; (iv) was made within 90 days before the filing of the petition (or one year if the creditor is an insider); and (v) provides the creditor with more than it would receive in a chapter 7 liquidation. 11 U.S.C. § 547(b); *see In re Level 8 Apparel, LLC*, No. 19-1335, 2021 WL 279620, at *13-14, 2021 Bankr. LEXIS 183, at *38 (Bankr. S.D.N.Y. Jan. 26, 2021).

Starr advances several arguments to support its assertion that the preference claim is deficient. First, Starr argues that the Trustee merely alleges conclusions without supporting facts showing that the Transfers were on the basis of an antecedent debt and fails to identify Starr as a creditor. (Motion Brief 8-13.) Citing *In re Randall's Island Family Golf Centers, Inc.*, 290 B.R. 55 (Bankr. S.D.N.Y. 2003), the Trustee responds that she only needs to (i) plead the nature and

7

amount of the antecedent debt and (ii) identify each preferential transfer by date, name of transferor, name of transferee, and the amount. (Opposition 8-9.) The Court finds that the Trustee has sufficiently pleaded that the Transfers were on account of an antecedent debt. The Complaint alleges that the Transfers were "on account of premiums for insurance agreements between [Flywheel Parent] and the Insurance Company Defendants." (Complaint ¶ 25.) As to Starr's argument that it is not itself alleged to be a creditor of Flywheel (*see* Motion Brief 8), that is not relevant here since Starr is alleged to be a beneficiary of the Transfers, not necessarily a creditor. (Complaint ¶¶ 20, 23; Opposition 17.) As discussed above, the Trustee is entitled to recover preferential transfers from not only the initial transferee, but also any entity for whose benefit they were made. *See* 11 U.S.C. § 550(a).

Second, Starr argues that the Trustee merely alleges conclusions without supporting facts that indicate that the Transfers enabled Starr to receive more than in a liquidation. (Motion Brief 9.) The Trustee's response is the same—that a complaint only needs to plead the nature and amount of the antecedent debt and identify each transfer by date, name of transferor and transferee, and amount. (Opposition 8-9.) The Court finds that the Trustee has sufficiently alleged this element. "Ordinarily, a trustee satisfies this prong of the preference analysis by showing that the debtor was insolvent on the petition date . . . ." *In re Wonderwork, Inc.*, 611 B.R. 169, 213-14 (Bankr. S.D.N.Y. 2020). Here, the Trustee's assertion that the Transfers enabled Defendants to receive more than they would have in a chapter 7 case is buttressed by Flywheel and Flywheel Parents' schedules, which the Trustee alleged she reviewed in determining whether the Transfers are avoidable preferences. (Complaint ¶ 39.) From the schedules, a reasonable inference can be drawn that Flywheel and Flywheel Parent were both

8

insolvent on the Petition Date.[15] Also, Flywheel and its affiliates' studios were closed for the five months prior to the Petition Date (*id.* ¶¶ 10-11), which further suggests that Flywheel and Flywheel Parent were insolvent. Therefore, a reasonable inference can be drawn that the Transfers enabled Defendants to receive more than they would have under a chapter 7 distribution. *See In re Wonderwork, Inc.*, 611 B.R. 169, 213-14 (Bankr. S.D.N.Y. 2020) (examining debtor's schedules to determine hypothetical chapter 7 distribution for purposes of a motion to dismiss a preference claim); *see also, e.g.*, *In re Caremerica, Inc.*, 409 B.R. 737, 753-54 (Bankr. E.D.N.C. 2009) ("The court finds that the debtors' summary of schedules, reflecting liabilities far greater than assets, is sufficient to satisfy the trustee's pleading requirement [for a motion to dismiss]."); *In re Oconee Reg'l Health Sys., Inc.*, 621 B.R. 64, 80 (Bankr. M.D. Ga. 2020) (On a motion to dismiss, the court could "reasonably infer that, under a hypothetical Chapter 7 liquidation, creditors would receive less than a 100 percent distribution" where the debtor's assets on the petition date were $12 million and liabilities were "not less than $34.7 million.").

Third, Starr argues that the Trustee has failed to allege facts indicating that the Trustee exercised due diligence regarding Starr's defenses. (Motion Brief 10-13.) The Trustee responds that there is no diligence element that must be pleaded, but, to the extent that there is such an element, the pleadings satisfy it. (Opposition 9-13.) The Court finds that, to the extent there is a diligence element to Section 547, it is satisfied. The "reasonable due diligence" language was added to Section 547 by the Small Business Reorganization Act of 2019. Small Business Reorganization Act of 2019, Pub. L. No. 116-54 § 3(a); *In re ECS Refining, Inc.*, 625 B.R. 425, 453 (E.D. Cal. 2020) (discussing amendment); *see also* Collier ¶ 547.02A. At least one

---

[15] For Flywheel, see *Summary of Assets and Liabilities for Non-Individuals* 1, Flywheel Sports, Inc. Docket No. 24. For Flywheel Parent, see *Summary of Assets and Liabilities for Non-Individuals* 1, Bankr. Docket No. 11.

bankruptcy court has held that it does create a new element for Section 547. *See ECS Ref.*, 625 B.R. at 454. Other courts have questioned that holding, but none seem to have squarely ruled otherwise. *See In re Insys Therapeutics, Inc.*, No. 19-11292, 2021 WL 5016127, at *3, 2021 Bankr. LEXIS 2965, at *8-10 (Oct. 28, 2021) ("[O]thers have suggested that a different conclusion than that reached by the *ECS Refining* Court may be warranted regarding due diligence constituting a new element of a section 547 claim . . . ."); *see also In re Trailhead Eng'g LLC*, No. 20-3094, 2020 WL 7501938, at *7, 2020 Bankr. LEXIS 3547, at *20 (S.D. Tex. Dec. 21, 2020) ("[T]he Court need not determine today whether 'reasonable due diligence' is an element of any preference claim . . . ."). Here, regardless of whether a new element has been created for a preference claim, the Trustee recounted that she performed diligence by reviewing Flywheel's books and records and other available information. (Complaint ¶¶ 38-39.) This would satisfy a due diligence element. *See Insys Therapeutics*, 2021 WL 5016127, at *3, 2021 Bankr. LEXIS 2965, at *8-10 (holding that due diligence element, to extent there is one, is satisfied where trustee pleaded diligence efforts). The Court finds that the Trustee is plausibly entitled to relief under Section 547 of the Bankruptcy Code and therefore denies the Motion with respect to Count I.

**(C)    The Constructively Fraudulent Transfer Claims Are Properly Pleaded**

In Count II of the Complaint, the Trustee seeks to avoid or recover damages for the Transfers under Section 548(a)(1)(B) of the Bankruptcy Code. (Complaint ¶¶ 41-56.) This section allows a trustee to avoid a transfer where the trustee shows "(1) that the debtor had an interest in property; (2) that a transfer of that interest occurred within one year of the filing of the bankruptcy petition; (3) that the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) that the debtor received less than a reasonably equivalent

10

value in exchange for such transfer." *In re Actrade Fin. Techs. Ltd.*, 337 B.R. 791, 802 (Bankr. S.D.N.Y. 2005) (quoting *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994)). Although a "fraud" claim in name, constructively fraudulent conveyances are subject to the general pleading standard of Rule 8 because they do not require "proof of fraud or even wrongdoing." *Id.* at 801-02.

Starr advances two arguments to support its claim that Count II should be dismissed. First, Starr argues that the Complaint fails to allege facts showing that Flywheel was insolvent, had unreasonably small capital, or intended to incur debts it could not pay. (Motion Brief 13-14.) The Trustee responds that conclusory allegations of insolvency suffice, but that she also pleaded that the Transfers were made after Flywheel's spin studios were closed and that 80% of the Transfers were made on the eve of bankruptcy. (Opposition 16.) The Court finds that the Trustee properly pleaded insolvency because a reasonable inference can be drawn that the closing of Flywheel's studios rendered Flywheel either insolvent or unable to pay its obligations as they became due. (*See id.*)

Second, Starr argues that the Complaint fails to allege facts showing that Flywheel received less than reasonably equivalent value for the Transfers. (Motion Brief 13-14.) The Trustee again responds that conclusory allegations of inadequate consideration are sufficient. (Opposition 15.) The Trustee further responds that the Complaint demonstrates inadequate consideration by alleging that (i) the insurance policies paid for were not in Flywheel's name, (ii) the policies were purchased for the benefit of the D&O Defendants, and (iii) Flywheel had no obligation to purchase the polices and received no consideration for them. (*Id.*) The Court agrees that a reasonable inference of inadequate consideration can be drawn from the facts alleged by the Trustee. The Trustee alleges that Flywheel made the Transfers to pay premiums for an

11

insurance agreement to which Flywheel was not party, received no benefit from, and was not obligated to pay for. (*See Complaint* ¶¶ 2, 25.) "Generally, a debtor's payment of another's debt may be avoided as a constructively fraudulent transfer under § 548(a) if the debtor was insolvent or was rendered insolvent thereby." *In re Akanmu*, 502 B.R. 124, 131 (Bankr. E.D.N.Y. 2013). Since the Transfers are alleged to have been on account of another's debt, a reasonable inference can be drawn that Flywheel did not receive reasonably equivalent value. Therefore, The Court finds that the Trustee set forth a plausible claim for constructively fraudulent conveyances and thus denies the Motion with respect to Count II.

**(D)     The Post-Petition Transfer Claims Are Properly Pleaded**

In Count III of the Complaint, the Trustee seeks to recover any Transfers that cleared Flywheel's bank after the Petition Date under Section 549 of the Bankruptcy Code. (Complaint ¶¶ 57-64.) Section 549 allows a trustee to avoid unauthorized transfers of estate property made after the commencement of the bankruptcy case. *See* 11 U.S.C. ¶ 549. Starr argues that this count should be dismissed because the Trustee could determine from Flywheel's bank statements whether any Transfers cleared after the Petition Date, and that the Complaint does not allege any post-petition transfers. (Motion Brief 14.) The Trustee responds that this is an alternative claim covering a situation where any Defendants received any Transfers post-petition, and flags that $352,000 in Transfers were made six days prior to the Petition Date. (Opposition 19.) The Court finds that, in light of the Transfers made on the eve of filing, a reasonable inference can be drawn that these tranfers may not have cleared the bank until after the Petition Date. The Court therefore denies the Motion with respect to Count III.

12

**(E)     The Disallowance of Claims Count Is Properly Pleaded**

In Count V of the Complaint, the Trustee seeks to disallow any claims filed by Defendants until the Trustee recovers the Transfers under Section 502(d) of the Bankruptcy Code. (Complaint ¶¶ 71-74.) Section 502(d) allows the Court to disallow claims from entities holding recoverable property until they return the property. 11 U.S.C. § 502(d). Starr argues that this count should be dismissed because it is not asserting a claim against Flywheel. (Motion Brief 14.) The Trustee argues that this relief is a remedy derivative of the other causes of action and is inapplicable until these avoidance claims are liquidated, so dismissal of Count V would be premature. (Opposition 20.) The Court agrees with the Trustee and denies the Motion with respect to Count V.

## VI.     CONCLUSION

Based on the forgoing analysis, the Court finds that the Trustee plausibly stated all claims for relief in the Complaint. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED**.

Dated:     February 27, 2023
           New York, New York

                                          /S/ John P. Mastando III
                                      HONORABLE JOHN P. MASTANDO III
                                      UNITED STATES BANKRUPTCY JUDGE